In re Richard J. KENKEL.

Court of Appeals of Kentucky.

May 20, 1955.

Richard J. Kenkel, pro se.

PER CURIAM.

In order to stay the execution of a forcible detainer judgment Bernard Mescher had obtained against J. A. Wakeman and wife, clients of respondent, Richard J. Kenkel, the latter signed and delivered to Mescher's attorney, Hon. John A. Kohrman, this memorandum:

"This is to advise that I am holding in cash the sum of $400, which I will not release or surrender in any manner but will turn over to you for your clients, August and Ben Mescher, on May 30, 1952.

"This is given, not as rent, but merely as an inducement to you to persuade your clients to approve an agreed judgment in the forcible entry and detainer case styled 'Mescher v. Wakeman' in

the court of the Hon. Edgar Lemker, J. P. for Kenton County, Ky.

(Signed) R. J. Kenkel
R. J. Kenkel, Attorney at Law."

After the agreed judgment was entered in the forcible detainer action, Wakeman gave respondent a check for $200 which was returned by the bank marked "Insufficient Funds". Respondent did not notify Mescher or his attorney that the check he received from Wakeman was no good. Subsequently, Wakeman gave respondent his check for $107.20 which was paid. Respondent applied $7.20 in the payment of the costs in the detainer action and retained the remaining $100 to apply on the Mescher judgment.

When the time expired under which the Wakemans were to hold the leased premises under the agreed judgment, they left town without paying the $400 rent they owed Mescher, consequently he lost $300 of that sum as respondent only turned over to him the $100 actually received from the Wakemans. Respondent failed to make good the $300 due by Wakeman to Mescher and the latter had this disciplinary proceeding started against respondent.

■ On a hearing the Trial Committee found Kenkel guilty under Canon 41 of the American Bar Association which reads:

"When a lawyer discovers that some fraud or deception has been practiced, which has unjustly imposed upon the court or a party, he should endeavor to rectify it; at first by advising his client, and if his client refuses to forego the advantage thus unjustly gained, he should promptly inform the injured person or his counsel, so that they may take appropriate steps."

We have adopted the Canons of the American Bar Association "as a sound statement of the standard of professional conduct required of members of the Bench and Bar, and the Court regards these Canons as persuasive authority in all disciplinary proceedings against members of the Bar." RCA 3.170, found on page 3248 KRS. The Committee recommended that respondent be reprimanded, which punishment the Board followed and so recommended to this court. We issued a rule against respondent to show cause, if any he could, within twenty days why the recommendation of the Board should not be enforced.

Respondent at first contended he had done nothing wrong and refused to make good the $300 out of which his client had defrauded Mescher. However, respondent later acknowledged his error and paid from his own funds $300 to Mescher. In view of respondent making good the amount Mescher had lost, the Board inflicted upon him the light punishment of a reprimand.

Patently, respondent should not have signed the memorandum stating he was holding $400 in cash for Mescher when he had no money in his hands. The fact that respondent's dishonest client imposed upon him was no excuse for respondent failing to immediately inform Mescher or his attorney of such act. Furthermore, respondent was guilty of unethical conduct when he did not immediately pay Mescher the $300 upon demand instead of requiring a hearing before the Ethics Committee of the Kenton County Bar Association and then a full hearing by the Trial Committee of the State Bar Association. By such dilatory tactics respondent has brought injury not only to himself but to the great profession of which he is a member.

■ In the circumstances presented by this record we conclude the Trial Committee and the Board both dealt leniently with respondent. It is therefore adjudged that the rule be made absolute and the report of the Board be confirmed and respondent is hereby reprimanded.